IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| ELMER CRABB and DEBRA CRABB, | : | Case No.  2:04 CV 454 PGC |
| | : | |
| Plaintiffs, | : | **ORDER AND MEMORANDUM DECISION** |
| vs. | : | |
| STATE FARM FIRE & CASUALTY COMPANY | | Judge Paul G. Cassell |
| Defendant. | | Magistrate Judge Brooke C. Wells |

Rule 26(b)(1) of the Federal Rules of Civil Procedure states in relevant part: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . . The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."[1]  This rule has been interpreted broadly by the United States Supreme Court.[2]  Based on this broad interpretation, the arguments set forth in State Farm's

---

[1] Fed. R. Civ. P. 26(b)(1).

[2] *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380 (1978).

pleadings, and for good cause shown, the court GRANTS Defendant's Motion to Compel.

This action arises from a fire that damaged the home and personal property belonging to Plaintiffs, Elmer and Debra Crab.[3] Defendant, State Farm, is seeking documents that it requested from Adjusters International, the company that worked as a public adjuster for Plaintiffs after their fire.  On June 8, 2005, State Farm sent a subpoena duces tecum to Adjusters International and Nathanael Cook, the vice-president of Adjusters.[4]  State Farm sought employment information and contact records for Ms. Chipman and Mr. Jensen.  During Mr. Cook's deposition, he identified both Ms. Chipman and Mr. Jensen as former employees of Adjusters who worked on the Crab's fire claim.[5]  During the deposition, Mr. Cook also agreed to search for and provide the personnel records of these employees.[6]  Of chief importance in the court's view is Mr. Cook specifically agreeing to "give them to Grant [Sumsion] and have him send them to you."[7]

In opposition, the Crabbs argue that Mr. Sumsion contacted Mr. Cook and that according to their understanding the

---

[3] *See* Amended Compl. ¶ 14.

[4] *See* Rep. p. 3.

[5] *See* Nathanel Cook Depo., attached as Exh. 1 to Def.'s Mtn.

[6] *See id.*

[7] *See id.* p. 15:5-7.

documentation has been provided.[8]  Plus, Mr. Sumsion or his law firm is not authorized to accept service of the instant motion.[9]

Regardless of the relationship between Mr. Sumsion, his law firm, and Mr. Cook or Adjusters International, the fact remains that Mr. Cook agreed to provide the information which is the subject of this motion.  And, Mr. Cook specifically agreed to provide this information through Mr. Sumsion.  Therefore, the court hereby ORDERS Mr. Sumsion, Mr. Cook, and Adjusters International to gather and provide to State Farm information concerning April Chipman and Kevin Jensen.  This information is to be provided by December 2, 2005.  Plaintiffs and Mr. Cook are also hereby ORDERED to file with the court by this same date an affidavit attesting to the fact that all information has been provided in compliance with this order.

IT IS SO ORDERED.

DATED this    18th    day of November, 2005.

BY THE COURT:

*signature: Brooke C. Wells*

BROOKE C. WELLS
United States Magistrate Judge

---

[8] *See* Op. p. 1-2.

[9] *See id.*